J. WICKER
concurs and assigns reasons.
|TI agree with the majority and write separately only to express my view on Mr. Abdul’s first counseled assignment of error — sufficiency of the evidence. In this case, Mr. Abdul did not plead, argue, or present any evidence of intoxication at trial. Thus, in my view, this issue is not ■properly preserved for appeal.
On appeal, Mr. Abdul argues that the evidence was insufficient to support a conviction of attempted second degree murder because the evidence of his intoxication negates the required element of specific intent. However, at a bench conference, and again at trial, he specifically renounced the affirmative defense of voluntary intoxication and denied having consumed alcohol on the night of the crime. Mr. Abdul based his defense on an alleged misidentification, arguing that another person shot the victim. Because he failed to plead the affirmative defense of voluntary intoxication and presented no evidence in support of the defense, in my view, this Court should not review the merits of this assignment of error. An appellate court need not review a claim or defense that is raised for the first time on appeal. State v. Patterson, 10-0415 (La.App. 5 Cir. 1/11/11), 63 So.3d 140, 148, n. 6 (Citation Omitted).